## Lenich *v.* Beaver, Appellant.

*Negligence—Excavation in sidewalk.*

In an action against a property owner to recover damages for personal injuries sustained by a fall into an excavation in a sidewalk, a verdict and judgment for plaintiff will be sustained where the evidence tends to show that on the day of the accident defendant's employees made an excavation in the unpaved sidewalk to lay a cinder foundation for a brick pavement, that when the workmen stopped in the evening the excavation was from one foot to fifteen inches in depth, that no lights were placed near the excavation, and the ends of it were only partly guarded by some boards, that the night was dark, and that plaintiff who frequently used the sidewalk, had no notice of the danger.

Submitted Feb. 18, 1901. Appeal, No. 338, Jan. T., 1901, by defendant, from judgment of C. P. Lebanon Co., March T., 1899, No. 43, on verdict for plaintiff, in case of William E. Lenich v. C. Grove Beaver, Kate E. Kase and Lizzie B. Heilman, Executors of Anna B. Beaver, deceased. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Ehrgood, P. J.

At the trial it appeared that on November 8, 1898, defendant's workmen began to make an excavation in an unpaved sidewalk to lay a cinder foundation for a brick pavement. At the end of the day the excavation was from twelve to fifteen inches in depth. There was evidence that stakes in the form of an X had been placed at each end of the excavation, and that a board had been laid upon them. It appeared, however, that this board did not extend all the way across the sidewalk. No lights were placed at or near the excavation. Plaintiff fell into the excavation about seven o'clock in the evening, as he

was proceeding to a polling place. Plaintiff had frequently used the sidewalk, but had no notice of the danger. The evidence also tended to show that the night was very dark. The court submitted the case to the jury.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Lee L. Grumbine* and *Howard C. Shirk*, for appellants.

*George B. Woomer*, for appellee.

PER CURIAM, May 27, 1901:

The plaintiff alleged that he received a serious injury through the negligence of the defendants. The evidence presented on the trial related to questions of fact which were for the determination of the jury. The instructions which the jury received from the court in its general charge, together with its answers to the defendant's points, were impartial and free from error. It was shown by the verdict of the jury that the plaintiff's allegation of negligence was sustained by the evidence, and that there was no negligence on the part of the plaintiff which contributed to the injury he received. As there is, therefore, no cause for reversal of the judgment, the assignments of error are dismissed.

Judgment affirmed.